*In re* CARL B. HARDMAN, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* CARL B. HARDMAN, Respondent-Appellant.)

First District (4th Division)   No. 61787

Opinion filed May 26, 1976.

James J. Doherty, Public Defender, of Chicago (Peter T. Woods and Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and William J. Stacy, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The minor respondent, Carl B. Hardman, appeals from an order of the Circuit Court of Cook County finding him to be in violation of probation, for which he was committed to the Department of Corrections.

The issues on appeal are whether the respondent was given notice of the proceedings against him and whether it was error to commit him to the Department of Corrections.

Pursuant to a petition for adjudication of wardship, the minor respondent was found delinquent on October 9, 1974, in that he had committed the offense of theft in violation of section 16—1(a)(1) of the

Illinois Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)(1)). A petition for supplemental relief was filed on November 4, 1974, charging that the respondent was uncontrollable in violation of section 2—3(a) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—3(a)). At a hearing for probation violation on November 21, 1974, the court found the respondent to be in violation of probation and committed him to the Department of Corrections.

The respondent first contends he was not given notice that he was charged with violation of probation for using drugs and was therefore denied due process of law. The transcript of proceedings indicates that both the State and the respondent's appointed counsel were going forward on the basis of probation violation:

"THE COURT: Let her answer. Are you going on violation of probation or are you going on a straight trial, denial, supplemental or trial?

MR. HARRIS [Assistant State's Attorney]: It is on violation.

MISS PLACEK [Assistant Public Defender]: Violation."

The respondent's mother testified he went berserk and had to be restrained, that he hit her in the chest and hit his sister in the stomach. She testified he was "dizzy off of pills" and had used drugs on several occasions.

The respondent testified he might have been in a drugged state when he attacked his mother and sister, and stated he had no memory of what happened. On cross-examination he testified he used drugs as regularly as he could afford to.

The court then made the following statements in reaching its finding of violation of probation:

"THE COURT: * * * Through his own admission, he said he took drugs, isn't that a violation of probation. He admitted it on direct examination.

* * *

[The supplemental petition] doesn't allege battery. It says he was uncontrollable, could not be controlled by the mother in what he did. He, himself, says when he takes the drugs, he is numb. I think he convicted himself of the finding of violation. There is no question. He uses drugs, he said he was numb after he takes these drugs. The mother testified that they had to tie his hands. He makes admission on the stand that he is using drugs, which is a direct violation of his probation."

██ We believe the court's finding of violation of probation appears to have been based on both the testimony of the mother with respect to his going berserk and the respondent's own testimony regarding the use of drugs. The court's statements noting the respondent's admissions with

respect to drug usage were not violative of any notice requirements of due process.

The respondent also contends the Juvenile Court is without jurisdiction to incarcerate a minor adjudicated to be in need of supervision and it was error to commit him to the Department of Corrections.

The record shows the respondent was committed to the Department of Corrections for probation violation subsequent to a conviction for theft. It is also clear that any delinquent adjudged to be a ward of the court may be committed to the Department of Corrections. Section 5—2(1) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—2(1)) provides that a minor found to be delinquent may be committed to the Department of Corrections under section 5—10. That section (Ill. Rev. Stat. 1973, ch. 37, par. 705—10) provides as follows:

> "(1) When any delinquent has been adjudged a ward of the court under this Act, the court may commit him to the Department of Corrections if it finds that (a) his parents, guardian or legal custodian are unfit or are unable, for some reason other than financial circumstances alone, to care for, protect, train or discipline the minor, or are unwilling to do so, and (b) the best interests of the minor and the public will not be served by placement under Section 5—7."

■■ It is clear from the testimony at the hearing that the parents are unable to discipline the respondent, and the social investigation report demonstrates that alternative placement under section 5—7 (Ill. Rev. Stat. 1973, ch. 37, par. 705—7) would benefit neither society nor the respondent. The respondent's probation officer, Mr. Lennox, stated:

> I made all the attempts to get him into a rehabilitation type place but the boy refused. He said he would not attend.
>
> \* \* \*
>
> I don't think he would work out in a drug abuse program. I mean I don't think there is a drug abuse program that exists that has the limits that this boy needs and that he would not run away from. He has indicated to me again that he has pushed drugs and he does have money hidden away from these drugs, that he buys new drugs with."

We find the court had the jurisdiction to commit the respondent to the Department of Corrections and that he acted in the best interests of the minor and society when he did so.

For these reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and BURMAN, JJ., concur.